# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4266 | **DATE** | July 20, 2010 |
| **CASE TITLE** | Gregory Johnson (#K-54051) v. Chicago Public Schools, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The Clerk shall send a copy of this order to the trust fund officer at Dixon Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

Plaintiff, in state custody at Dixon Correctional Center, has submitted his complaint, pursuant to 42 U.S.C. § 1983. Plaintiff claims that dating back to 1968, and up through the present, the 31 Defendants have violated his constitutional, federal and state statutory rights relating to his learning disabilities and failing to treat and accommodate him so he can complete his education. Plaintiff also alleges retaliation and deliberate indifference to a serious medical condition by Defendants working at Dixon Correctional Center. Plaintiff's complaint contains unrelated claims against different Defendants.

Plaintiff must submit an amended complaint. Plaintiff's amended complaint does not satisfy the "short and plain statement" of Fed. R. Civ. P. 8(a). More importantly, Plaintiff has misjoined claims and defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has submitted a complaint that contains unrelated claims against different Defendants.

> As discussed in *George*,
>
> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to

**(CONTINUED)**

  AWL

> prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606.

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits. Plaintiff should focus on his claims against Defendants at Dixon Correctional Center as the statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993) (Kocoras, J.).

Additionally, Plaintiff indicates that he seeks to file this suit as a class action; however, pro se prisoners are generally not allowed to represent a class. The Court finds that maintaining this suit as a class action is not appropriate under the circumstances of this case. One of the prerequisites for class action certification is a finding that the representative parties can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A factor the Court must consider in determining the adequacy of representation is the qualifications and experience of the person actually conducting the litigation. *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *see also Jackson v. National Action Financial Services, Inc.*, 227 F.R.D. 284, 289 n. 6 (N.D. Ill. 2005) (Castillo, J.); *Mendez v. M.R.S. Associates*, No. 03 C 6753, 2004 WL 1745779, at *5 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.) Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class. *See, e.g., Pavone v. Aegis Lending Corp.,* No. 05 C 5129, 2006 WL 2536632, at *3 (N.D. Ill Aug. 31, 2006) (Aspen, J.).

Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See, e.g., Turner-EL v. Illinois Bd. of Educ.*, No. 93 C 4918, 1995 WL 506011, at *5 (N.D. Ill. Aug. 22, 1995) (Moran, J.)*; Lasley v. Godinez*, 833 F. Supp. 714, 715 n. 1 (N.D. Ill. 1993) (Aspen J.) (*pro se* prisoners could not adequately represent class of inmates); *Caputo v. Fauver*, 800 F. Supp. 168, 700 (D.N.J 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). Given Plaintiff's *pro se* status, the Court concludes that it would be improper for this case to proceed as a class action.

Plaintiff is granted 30 days to submit a second amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy (CONTINUED)**

| STATEMENT  (continued) |
|---|

**for the judge; he must also submit a service copy for each Defendant named in the second amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days of the date of this order, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.