# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4266 | **DATE** | February 3, 2011 |
| **CASE TITLE** | Gregory Johnson (#K-54051) v. Chicago Public Schools, et al. | | |

**DOCKET ENTRY TEXT:**

This action is transferred to the Western Division of the United States District Court for the Northern District of Illinois. The Clerk shall not issue summonses unless the transferee court so directs. Plaintiff's second motion to proceed *in forma pauperis* [10] is denied as moot. The other motions are transferred with the case.

■[For further details see text below.]                  Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has a learning disability and that Defendants are denying him access to educational programs that would allow him to pursue his GED. Plaintiff alleges that Defendants actions violate his rights under 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.

Upon review of the file, the Court finds that this division is not the most convenient venue for this case and orders the case transferred. In Plaintiff's original complaint, he named Defendants in both Chicago, Illinois, and Dixon, Illinois. In his amended complaint, Plaintiff, pursuant to the Court's order of July 20, 2010, instructing him to limit his complaint to timely, related claims, has limited his allegations to Defendants at Dixon Correctional Center. The events underlying the complaint took place while Plaintiff was confined at the Dixon Correctional Center. Dixon is in Lee County, which is located in the Western Division of this judicial district. Moreover, Plaintiff provides a Dixon address for the each of the individuals named as Defendants in this matter. Because Plaintiff's claim arose in the Western Division and the Defendants are listed as residing there, the Court concludes that venue for this action is more appropriate in the Western Division.

Accordingly, in the interests of justice, this action is hereby transferred to the Western Division of the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) for all further proceedings. The Clerk shall not issue summonses unless the transferee Court so directs. Plaintiff's second motion to proceed *in forma pauperis* is denied as moot, as the Court granted his first motion. Plaintiff's other motions are transferred with this case.