# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4266 | **DATE** | March 2, 2011 |
| **CASE TITLE** | Gregory Johnson (K-54051) vs. Michael Randle, et al. | | |

**DOCKET ENTRY TEXT**

This case is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's motions for appointment counsel (Dkt. No. 4, 11), and motion to file a late complaint (Dkt. No. 9), and any other pending motions are denied as moot. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Clerk is requested to enter a Rule 58 Judgment in favor of the defendants against the plaintiff. Plaintiff shall take nothing. The case is terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

    Pro se Plaintiff Gregory Johnson has submitted a proposed amended civil rights complaint against numerous Illinois Department of Corrections (IDOC) employees regarding educational opportunities at the Dixon Correctional Center where plaintiff is incarcerated. Plaintiff's initial complaint involved events in both Chicago, Illinois and at Dixon. Judge Kendall granted plaintiff leave to proceed IFP but dismissed his complaint with leave to submit a proposed amended complaint. (Dkt. No. 5). Plaintiff has submitted a proposed amended complaint. (Dkt. No. 9). The proposed amended complaint is now primarily limited to allegations involving his treatment at Dixon and so Judge Kendall transferred the case to this Court. (Dkt. No. 13-15). Plaintiff's proposed amended complaint is before this Court for an initial review pursuant to 28 U.S.C. § 1915A.

    Plaintiff has submitted a 57 page typed complaint against 16 defendants. (Dkt. No. 9-1). He asserts that his claims arise under the Americans with Disabilities Act, the Rehabilitation Act, 42 U.S.C. § 1983 and various Illinois statutory provisions. In summary, plaintiff alleges that he suffers from learning disabilities and other mental and psychological impairments. This led to significant difficulties in school and during his work life. Now in his forties, plaintiff entered Dixon in 1999 and was diagnosed with various education and psychological disabilities. His present case challenges the quality of educational opportunities and accommodations he has received at Dixon.

    Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. In determining whether plaintiff has stated a claim on which relief may be granted, the Court accepts as true all facts alleged in the complaint and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original). "Any written instrument attached to the complaint is considered part of the complaint." *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (citing FED. R. CIV. P. 10(c)).

As an initial matter, much of Plaintiff's expansive 57 page complaint is time-barred. He raises claims dating back to his initial entrance at Dixon in 1999. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome an affirmative defense, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found. v. Cerberus Capital Mgmt., LP*, 599 F.3d 671, 674-75 (7th Cir. 2009) (citing *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)). Dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous [so that] the district judge need not wait for an answer before dismissing a suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (citations omitted). Plaintiff's Section 1983 claims are controlled by a two-year statute of limitations, *Wallace v. Kato*, 549 U.S. 384, 387 (2007), and so his complaint, to the extent that it alleges events occurring two years before filing the complaint, are subject to the time bar. Additionally, the Court will consider the underlying merits of each claim.

In Count One of the proposed complaint, plaintiff alleges that he received a number of education and psychological tests when he entered the IDOC in 1999, was diagnosed with various difficulties and received support services. (Dkt. No. 9-1 at 10-16). In 2008, plaintiff became concerned that he was suffering from an undiagnosed learning disability. (*Id*. at 12). Plaintiff believes that the Constitution and Americans with Disabilities Act requires him to receive accommodations while receiving education opportunities at the Dixon Correctional Center including being diagnosed for this potential learning disability. (*Id*.). Plaintiff contacted IDOC defendants Musser, Boehle, Callahan, Ngu, Kowalkowski, Weiner, Chandler, O'Neil, Brewer, Wheats and Randle explaining his situation and requesting the accommodation. (*Id*. at 12-13). Plaintiff eventually spoke to Boehle and Wheats who are responsible for educational testing at Dixon. (*Id*. at 13-14). These individuals explained that special education services were traditionally only available for individuals under the age of 21 and these services would not be provided to plaintiff because he was in his forties at the time. (*Id*. at 13-14). Plaintiff could still receive education programs including pre GED classes but he would not receive any learning disability assistance. (*Id*. at 14). Plaintiff believes that this denial is age discrimination

in violation of 42 U.S.C. § 6101(7), violates various IDOC administrative regulations, and is cruel and unusual punishment in violation of the Eighth Amendment. (*Id*. at 15-16). Plaintiff seeks an injunction ordering that he receive the learning disability assistance.

"'There is no constitutional mandate to provide educational, rehabilitation, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment.'" *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (quoting *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982)). "While inmates do not have a constitutional right to such programs, they are entitled to an environment that does not threaten their mental and physical well-being." *Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981). Plaintiff allegations do not come anywhere close to establish that his mental or physical well-being is threatened by the lack of a learning disability accommodation. Plaintiff states in his complaint that he has received various testing for educational and psychological difficulties and has received various treatment. He also recognizes that he has the opportunity to obtain educational services including a GED program. His complaint is limited to seeking a specific educational service of testing for, and accommodation of, a potential learning disability. The Eighth Amendment guarantees that "a prison official's act or omission [does not] result[] in the denial of the minimal civilized measure of life's necessities.'" *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff claims that he was born in 1962 and therefore is in his late forties. (Dkt. No. 9-1 at 5). He would be hard pressed to find these learning disability services outside of prison, and education "is not among the rights afforded explicit protection under our Federal Constitution." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973); *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002). Plaintiff has not been denied a minimal civilized measure of life's necessities.

Claim One also alleges a violation of various IDOC regulations. IDOC regulations are, of course, questions of state law and he may not bring these claims through 42 U.S.C. § 1983. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119 (2005) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (Section 1983 is a cause of action that "authorizes suits to enforce individual rights under federal statutes as well as the Constitution."))*; Taake v. County of Monroe*, 530 F.3d 538, 540 (7th Cir. 2008) ("[T]his case has no place in federal court because it presents only state-law claims that cannot come into federal court by way of a § 1983 claim."); *Goros v. County of Cook*, 489 F.3d 857, 858 (7th Cir. 2007) ("Section 1983 and § 1331 in combination do not allow state-law claims to be litigated in federal court just because the defendant is a state law actor . . . .) (emphasis omitted). Plaintiff's complaint does not allege diversity jurisdiction under 28 U.S.C. § 1332, it only cites to 42 U.S.C. § 1983 or other particular statutes such as the ADA. Furthermore, as explained throughout this order, there are no free standing federal claims presented by plaintiff's complaint and therefore supplemental jurisdiction under 28 U.S.C. § 1367 is not possible.

Finally, plaintiff's statutory claims under the ADA, Rehabilitation Act and 42 U.S.C. § 6101-07 must also fail. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *United States v. Georgia*, 546 U.S. 151, 153 (2006) (quoting 42 U.S.C. § 12132). Title II of the ADA has been applied to state prison program. *Id*. at 154 (citing *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998)). The Rehabilitation Act provides an identical prohibition for programs receiving federal funding. 29 U.S.C. § 794; *Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996). 42 U.S.C. § 6101, *et seq.* prohibits age discrimination in programs receiving federal funds.

Plaintiff's problem with his claims under these statutes is the same as mentioned above. He has

received, and continues to receive, a variety of testing and treatment services. His problem is one of eligibility for the requested accommodation. Plaintiff is akin to a person who wants to enroll in a public school for education assistance and told that he is too old as he is now in his forties. The ADA requires that the individual must be a "qualified individual with a disability" to qualify for coverage under the Act. 42 U.S.C. § 12131(2). To be qualified, plaintiff must meet the "eligibility requirements" for the program. *Id*. Here he cannot because of his age, not because of his disability. The IDOC has chosen to limit this learning disability service to individuals under the age of 21. Plaintiff is not being intentionally discriminated against anymore than if he sought to enroll at his neighborhood elementary school.

In Count Two, plaintiff re-alleges many of his same arguments about the failure to receive testing and accommodation for his learning disability that were made in Count One and so they must also be rejected for the reasons set forth above. (Dkt. No. 9-1 at 16-19). The new allegation raised in Count Two is that various prison officials failed to properly follow up on his grievance regarded the lack of accommodation and testing. (*Id*.). However, there is no constitutional right to an effective prison grievance procedure and his claim regarding the lack of an effective grievance process must also be rejected. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

In Count Three, plaintiff alleges "supervisory liability." (Dkt. No. 9-1 at 20-31). The invocation of supervisory liability is problematic for a § 1983 claim. "Section 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Agency principles of *respondent superior* and vicarious liability do not apply to § 1983 claims. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Iqbal*, 129 S. Ct. at 1948 ("[P]laintiff must plead that each government official [D]efendant, through the official's own individual actions, has violated the Constitution."). However, supervisors may violate the Constitution resulting in their own individual liability if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Thus, the supervisory defendants would only be potentially liable for any violations that they had a personal participation. However, Count Three is a rehash of the narrative of the accommodation denial that were previously rejected in the above claims. Thus, this claim must also be rejected for these reasons.

In Count Three B, plaintiff alleges that defendant Musser and Callahan allegedly lied during an investigation by the U.S. Department of Education, Office of Civil Rights investigating plaintiff's accommodation claims. (Dkt. No. 9-1 at 32-35). However, his long winded allegation appears to be nothing more than a government investigator believed Defendants version of the events and disbelieved plaintiff's.

In Count Four, plaintiff repeats his Rehabilitation Act claim. (Dkt. No. 9-1 at 36-43). As discussed above, the Rehabilitation Act contains the same prohibitions as the ADA, *Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996), and plaintiff has failed to successfully raise an ADA claim and so his Rehabilitation Act claim must equally fail.

In Count Five, plaintiff also repeats an ADA Title II claim. (Dkt. No. 9-1 at 44-51). As explained above, plaintiff ADA Title II claim fails and that reasoning equally applies here.

| STATEMENT |
|---|

In plaintiff's final count, Count Six, plaintiff asserts a claim against the Chicago Public Schools regarding the failure to accommodate his disabilities when he attended school back in the 1960s and 1970s and invokes the federal constitution as well as the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1400 *et seq.* (Dkt. No. 9-1 at 51-57). As mentioned above, there is no constitutional right to an education and so his constitutional claims must again be rejected on this ground. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973); *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002). Equally, the claim is also several decades late. As to the IDEA claim, the Seventh Circuit has applied a 120 day statute of limitations to IDEA claims. *Mosely v. Bd. of Educ. of the City of Chicago*, 434 F.3d 527, 531-32 (7th Cir. 2006). Plaintiff's IDEA claim is also several decades late.

For the foregoing reasons, this case is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's motions for appointment counsel (Dkt. No. 4, 11), and motion to file a late complaint (Dkt. No. 9), and any other pending motions are denied as moot. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Clerk is requested to enter a Rule 58 Judgment in favor of the defendants against the plaintiff. Plaintiff shall take nothing. The case is terminated.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."